# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIELLE NERI,

       Plaintiff,

     v.                                       Civ. No. 19-8 JCH/SCY

ALBUQUERQUE PUBLIC SCHOOLS and
CYNTHIA HOPPMAN,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO COMPEL

This matter comes before the Court on Defendants' Motion to Compel Discovery (Doc.

65), filed September 5, 2019. Plaintiff filed her response in opposition to the motion on

September 19, 2019 (Doc. 69), and Defendants filed their reply on September 25, 2019 (Doc.

72). Following Plaintiff's deposition testimony that she deposited income from her business into

her personal bank statements, Defendants request the Court compel production of bank

statements from Plaintiff's personal Wells Fargo account or accounts. For the reasons that

follow, the Court GRANTS the motion.

## BACKGROUND

Plaintiff filed this case in state court on November 9, 2018, alleging violations of Title

VII, the New Mexico Human Rights Act, and the Americans with Disabilities Act. Doc. 1-1 at 8.

Defendants removed the case to federal court under federal question jurisdiction. Doc. 1. In her

Complaint, Plaintiff alleged that she worked for Defendant Albuquerque Public Schools ("APS")

from January 2000 until her "constructive discharge" on March 7, 2017. Doc. 1-1 at 8. She

further alleged $2,143,248 in damages, including lost wages. Doc. 1-1 at 14. In her Third

Amended Complaint, the operative complaint in this matter, she increases the amount of damages to $2,298,248. Doc. 38 at 11.

During discovery, Defendants served Interrogatory No. 10 on Plaintiff, which requested every source of income Plaintiff received since March 7, 2017. Doc. 65-1 at 2. Plaintiff's response was that she "hasn't received any income." *Id.* At her deposition, however, Plaintiff testified that she received "a little" business income in 2017 and 2018. Plf.'s Dep. at 30:2-14, Doc. 65-5 at 2. She testified that she had "not completed the corporation taxes for" the years 2016 through 2018. *Id.* at 31:1-7. She testified that she "may have" deposited business income into her personal accounts between 2015 and 2018, but "that was my bad accounting." *Id.* at 31:18-23. When asked if she had any documents "outlining how much money went from the Gottago Rental business into any of [her] personal bank accounts between 2016 and 2018," she responded: "Maybe bank statements but – and my – the bank account for it." *Id.* at 31:24-32:5. The bank account in question was a business bank account that turned into a personal account later on, and is now closed. *Id.* at 31:6-13.

In light of that deposition testimony, Defendants sent Plaintiff a letter requesting she supplement her answers to Defendants' Requests for Production to include the bank account statements referred to in her deposition. Doc. 65-3. Plaintiff responded and refused to produce her bank account statements. Doc. 65-4 at 3. This motion to compel followed on September 5, 2019, the deadline by which the parties were required to file any motions related to discovery. *See* Doc. 22. In response to the present motion, Plaintiff produced W-2 tax forms, but still refused to produce her bank account statements. Docs. 69, 69-4.

## DISCUSSION

A.      <u>Defendants may rely on Plaintiff's deposition testimony.</u>

Plaintiff objects to Defendants' reliance on her deposition testimony on the basis that she did not have the right to read and sign her deposition pursuant to Federal Rule of Civil Procedure 30(e)(1). Doc. 69 at 2-3. Rule 30 allows a deponent a 30-day period "after being notified by the officer that the transcript or recording is available in which" to read and sign the transcript. Fed. R. Civ. P. 30(e)(1). "Rule 30 does not explain how an officer must make the transcript 'available' for review." *PNC Equip. Fin. v. Mariani*, 758 F. App'x 384, 388 (6th Cir. 2018). "But federal courts have held that Rule 30 does not require that a court reporter mail a copy of a transcript to a deponent." *Id.* "And one federal court has held that a court reporter complies with Rule 30 by inviting a deponent to review the transcript at her office." *Id.* (citing *Parkland Venture, LLC v. City of Muskego*, 270 F.R.D. 439, 441 (E.D. Wis. 2010)). Especially where the Plaintiff does not allege that the deposition transcript contains any inaccuracies, it is not an abuse of discretion to rely on the unsigned transcript. *Id.* at 388-89; *Vukadinovich v. Zentz*, 995 F.2d 750, 754 (7th Cir. 1993) ("the use of unsigned depositions at trial constitutes harmless error unless [the deponent] can show that there were particular inaccuracies in the depositions or that he was prejudiced by their use at trial.").

It appears from the record before the Court that the court reporter notified Plaintiff of her right to review the transcript in the court reporter's office on August 13, 2019. Doc. 72-1. Plaintiff does not explain why she did not do so. In addition, Plaintiff does not argue that the substance of her testimony was incorrect. In her response to the present motion, she argues that she only transferred money to her personal account from her business to pay the personal account for the business' purchase of assets, Doc. 69 at 3, which is entirely consistent with her deposition testimony. Plf.'s Dep. at 34:4-15, Doc. 65-5 at 3. This is also consistent with the

premise of Defendants' motion: that Plaintiff used a personal bank account for business transactions, and the only way to determine whether she had income is to examine those personal bank statements. The Court thus finds no error in Defendants' reliance on Plaintiff's deposition testimony.

> B. Plaintiff has not shown that producing her bank statements would be an undue burden.

Plaintiff argues that her bank statements "would be extremely hard to retrieve." Doc. 69 at 4. The Court interprets this as an argument that producing the bank statements would cause her an undue burden. Indeed, Federal Rule of Civil Procedure 26(b)(1) allows discovery of non-privileged, relevant matter that is "proportional to the needs to the case . . . ." The party resisting discovery "has the burden of showing undue burden or expense." *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 719 (D.N.M. 2017) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment). Such burden can be met by showing that the request is overly broad or that the burden and expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Here, Plaintiff does not further develop her argument, leaving the Court with little information on which to make a decision. Plaintiff has not represented that she has taken *any* steps to look for this information, such as searching her own files or simply asking her bank for copies. Without this information, the Court finds that Plaintiff has not shown that producing her bank statements would be an undue burden.

> C. Plaintiff's bank statements are relevant.

Plaintiff argues that she "has fully complied with [Defendants' discovery requests]" because "she has produced IRS income tax records for years 2015 to 2018" demonstrating her income and losses for those years. Doc. 69 at 3. The Court interprets this as an argument that because Plaintiff produced her income tax records, her bank statements are not relevant.

Under Federal Rule of Civil Procedure 26(b)(1), discoverable information is anything non-privileged "that is relevant to any party's claim or defense . . . ." "[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Vaughan Company*, No. 12-cv-0817 WJ/SMV, 2014 WL 12787951, at \*2 (D.N.M Sept. 19, 2014) (citing *Williams v. Bd. of Cnty. Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000)). In other words, "[d]iscovery relevance is minimal relevance." *Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1265 (D. Kan. 1996) (internal quotation marks omitted). Plaintiff's claim to lost wages makes her income following her departure from APS relevant because she has a duty to mitigate her damages. If her business did make money, her claim for lost wages is proportionately smaller. 42 U.S.C. § 2000e-5(g)(1) ("Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.").

As Defendants point out, Plaintiff's tax records reflect her earned income from APS, her gambling winnings, and cashing out a pension. Doc. 69 at 3; Doc. 72 at 3. Because Plaintiff did not file corporate income tax returns for the years 2016 to 2018, her tax records do not reflect any business income. Defendants are, therefore, entitled to discovery of her business income from other sources. The Court finds that the discovery sought is relevant to the claims or defenses in this employment discrimination case, and that Defendants have shown that the discovery cannot be obtained from another source.

## CONCLUSION

The Motion to Compel is granted. Plaintiff shall produce the statements from all her Wells Fargo bank accounts from March 2017 through the time she closed the accounts. Plaintiff shall produce these records within 30 days, absent a request showing good cause for an extension

of time. Alternatively, Plaintiff shall sign the release attached to Defendants' Reply (Doc. 72-2)

and provide Defendants with a copy. Each party shall bear its own costs.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE