IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIELLE L. NERI,

    Plaintiff,

vs.                                                                       CIV 19-8 JCH/SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS
and CYNTHIA HOPPMAN,

    Defendants.

## ORDER GRANTING MOTIONS FOR EXTENSION OF TIME

**THIS MATTER** is before the Court on Plaintiff's Motion for Extension of Time to File a Response to Defendants' Motion for Summary Judgment, Doc. 75, and Plaintiff's Opposed Amended Motion for Extension of Time to File a Response to Defendants' Motion for Summary Judgment, Doc. 76. Plaintiff filed both motions on October 2, 2019 and they are substantially the same.

On September 17, 2019, Defendants filed their Motion for Summary Judgment. Doc. 68. According to Local Rule 7.4(a), Plaintiff had 14 days to respond to the motion, or until October 1, 2019. On October 2, 2019, Plaintiff emailed defense counsel, requesting a two day extension, which defense counsel did not agree to. Doc. 77-1. Subsequently, Plaintiff filed two opposed motions, requesting an additional three days to respond to the Motion for Summary Judgment. Plaintiff asserts that she needs the additional time because she mistakenly believed she had 15 days to respond to the motion.

Federal Rule of Civil Procedure 6(b)(1)(B) allows a court to grant extensions of time "for good cause . . . on motion made after the time has expired if the party failed to act because of

excusable neglect." Defendants oppose Plaintiff's request, correctly pointing out that "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for the purposes of Rule 6(b)." *Quigley v. Rosenthal*, 63 F.3d 1232, 1237 (10th Cir. 2005). However, a determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Court considers certain factors in deciding whether a party's neglect is excusable, including: (1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party. *Torres*, 372 F.3d at 1162. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Services Co.*, 507 U.S. at 392. Further, rulings on discovery matters are within the broad discretion of the trial court. *See Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

In this case, although Plaintiff miscalculated the time she had to respond, she only requests a short, three-day extension. This is her first request for an extension in responding to the summary judgment motion and it will have only a slight impact on the judicial proceeding, as trial is not set until June 4, 2020. Doc. 40. Additionally, Defendants do not point to any prejudice

they will suffer by this short delay. For these reasons, and balancing the Rule 6 factors, the Court finds good cause and excusable neglect to justify granting Plaintiff's requested extension.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to File a Response to Defendants' Motion for Summary Judgment (Doc. 75), and Plaintiff's Opposed Amended Motion for Extension of Time to File a Response to Defendants' Motion for Summary Judgment (Doc. 76) are GRANTED. Plaintiff shall file her response to Defendants' Motion for Summary Judgment (Doc. 68) by **Tuesday, October 8, 2019**.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE