IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIELLE L. NERI,

    Plaintiff,

vs.                                                                                          CIV 19-8 JCH/SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS
and CYNTHIA HOPPMAN,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider Petition for Leave to Allow Pro Se Plaintiff to Have Assistance at Pro Se Table During Hearings and Trial, filed January 9, 2020. Doc. 107. On January 3, 2020, Plaintiff filed a Petition for Leave to Allow Pro Se Plaintiff to Have Assistance at Pro Se Table During Hearings and Trial, requesting that her husband, Mitchell Neri, and another person, Steve Abbott, be allowed to sit with her at counsel table during hearings and at trial. Doc. 102. The Court granted that Motion in part, allowing Mr. Neri only to sit with Plaintiff at counsel table during the January 16, 2020 hearing, for the limited purpose of assisting her with documents and organization. Doc. 106. Plaintiff now requests that the Court reconsider its Order and allow Steve Abbott to also accompany her at counsel table. For the reasons stated below, the Court denies Plaintiff's Motion to Reconsider.[1]

---

[1] Defendants have not yet filed a response to the motion, and their 14-day time period to do so expires after the January 16, 2020 hearing at issue here. The Court, however, does not believe a response is necessary.

1

The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Instead, a motion for reconsideration "may be construed in one of two ways: if filed within [28]² days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Id.*

Here, Plaintiff is not asking the Court to reconsider a final judgment under Rule 59(e) or 60(b), but an interlocutory order entered while the case is still proceeding toward a final judgment. In such a circumstance, the Court has discretion to reopen "every order short of a final decree." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Federal Rule of Civil Procedure 54(b) ("[A]ny order or other decision, however designated that adjudicates fewer than all the claims or the rights and liability of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). In reviewing an interlocutory order, the court is not required to apply the standards of Rule 59(e) and Rule 60(b). *Fye v. Oklahoma Corp. Com'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008); *Trujillo v. Bd. of Educ. of Albuquerque Public Schs.*, 212 Fed. App'x 760, 765 (10th Cir. 2007). However, the Tenth Circuit has indicated that a district court faced with a Rule 54(b) motion to reconsider may use the standards for reviewing a motion to alter or amend a judgment under Rule 59(e) to guide its analysis. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (unpublished). Under the Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances:

---

² Since *Computerized Thermal Imagining* was published in 2002, the relevant time period under Rule 59(e) has changed from 10 days to 28 days.

when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

The Court sees no reason to grant Plaintiff's request because she has not shown a change in controlling law, new evidence, or a clear error that needs to be corrected. In its prior Order, the Court noted that "Plaintiff has not identified her relationship to Mr. Abbott and the Court therefore declines to allow him to sit at counsel table during the January 16, 2020 hearing." In the present Motion, Plaintiff does identify Mr. Abbott as a "very close personal friend." Doc. 107 at 1. However, this is not new information, but information Plaintiff could have presented in her previous motion. Accordingly, Plaintiff has not shown that reconsideration is warranted and the Court confirms that Plaintiff is allowed to have one assistant, her husband, at counsel table with her during the January 16, 2020 hearing.

Again, the Court notes that this Order is limited to the January 16, 2020 hearing. In response to the original motion, Defendants indicated that they opposed Plaintiff's request for assistance at trial because Plaintiff listed Mr. Abbott as a witness and because Plaintiff attempted to use an affidavit by Mr. Neri in response to the pending motion for summary judgement. In her Motion for Reconsideration, Plaintiff notes that she will withdraw Mr. Abbott as a witness if the Court allows him to sit at counsel table. As stated in the previous order, should this case survive summary judgment and proceed to the trial currently scheduled for June 6, 2020, Plaintiff may re-file her request for assistance at counsel table during trial and any such motion shall be addressed by the presiding judge, the Honorable Judith C. Herrera.

**IT IS SO ORDERED.**

                                                                                             */s/ Steve Yarbrough*
                                                          UNITED STATES MAGISTRATE JUDGE