**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIELLE NERI,

      Plaintiff,

      v.                                                    Civ. No. 19-8 JCH/SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS
and CYNTHIA HOPPMAN,

      Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      **THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment on

all claims, filed September 17, 2019 (Doc. 68),  Defendants' Motion to Exclude from Summary

Judgment Consideration, filed December 20, 2019 (Doc. 100), and Plaintiff's Motion for a

Conference with District Judge Prior to the Determination of Defendants' Motion for Summary

Judgment, filed May 19, 2020 (Doc. 116). This case arises from Plaintiff Danielle Neri's dispute

with Albuquerque Public School ("APS") after an assistant principal, Defendant Cynthia

Hoppman, moved Plaintiff from an IEP teaching position to a math teaching position. Plaintiff

claims that she has long suffered from post-traumatic stress syndrome ("PTSD") and, although

she makes several arguments, the gravamen of her lawsuit is that Defendants took adverse action

against her because of her disability in violation of the American with Disabilities Act and the

New Mexico Human Rights Act. Specifically, Plaintiff alleges she was subjected to a hostile

work environment resulting in her constructive discharge, and that Defendants discriminated and

retaliated against her based on disabilities of PTSD and anxiety disorder. Doc. 38. Although not

in her Complaint or in the summary judgment briefing, Plaintiff also asserted at the hearing on

Defendants' motion for summary judgment that she is bringing a failure-to-accommodate claim.

In his Proposed Findings and Recommended Disposition ("PFRD"), filed April 22, 2020, United States Magistrate Judge Steven C. Yarbrough recommended granting Defendants' Motion for Summary Judgment as to all federal claims, remanding the state-law claims, and denying as moot Defendants' Motion to Exclude. Doc. 110. On May 6, 2020, Plaintiff timely filed her Objections to the PFRD. Doc. 114.[1] Plaintiff's Objections are now before the Court.

## LEGAL STANDARD

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's

---

[1] Plaintiff filed three sets of objections: CM/ECF document numbers 111, 112, and 114. However, she filed a notice of withdraw as to document numbers 111 and 112. Doc. 113. The Court therefore only considers the objections contained in document number 114.

recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

When a plaintiff proceeds pro se, the court generally construes her pleadings liberally, holding them to a less stringent standard than those a party represented by counsel files. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for a pro se litigant's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.*

## ANALYSIS

The Court has considered the Motion for Summary Judgment, the Motion to Exclude, the Magistrate Judge's PFRD, Plaintiff's Objections, and Plaintiff's Motion for a Conference in light of the foregoing standards, and has conducted a *de novo* review. Based on the Court's review, the Court finds that Plaintiff's Objections to the Magistrate Judge's PFRD are either waived or unfounded. The Court addresses each category of objections in turn.

1. Undisputed Material Facts

In her Objections, Plaintiff lists every material fact from Defendants' Motion for Summary Judgment and states whether she disputes or does not dispute that fact. Doc. 114 at 31-48. Her response to Defendants' statement of facts should have been presented in her response to

the Motion for Summary Judgment and the Court deems any new attempts to create factual disputes waived. *See Marshall*, 75 F.3d at 1426 ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also* D.N.M. LR.-CIV. 56.1(b) ("The Response [to a motion for summary judgment] must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist."). Additionally, on *de novo* review of the PFRD, the Court agrees with those facts Judge Yarbrough found to be undisputed, including facts offered and supported by Defendants which Plaintiff failed to controvert or failed to offer evidence to show the fact was genuinely in dispute.

Plaintiff also appears to object to the material facts in the PFRD regarding the absence of a request for accommodation. Doc. 114 at 17-18 (citing Doc. 110 at 8). However, the deposition transcript that Plaintiff cites in her Objections supports the Magistrate Judge's statement of undisputed material facts. *Id.* (citing Doc. 68-2 (Plf.'s depo)). Plaintiff also offers a number of other facts, without supporting evidence, to show she contacted APS's Equal Opportunity Service ("EOS") office. *Id.* at 18-21. But it is unclear to the Court how these facts relate to her failure to request an accommodation. And in any event, the Court will not consider issues raised for the first time in objections.

2.   <u>Standard of Review</u>

Plaintiff recites the summary judgment standard that Judge Yarbrough included in the PFRD, Doc. 110 at 9-10, and asserts that she "does not see where these were applied to this case in the least little bit." Doc. 114 at 16. However, her argument stops there. The Court finds the Magistrate Judge applied the correct summary judgment standard.

### 3. Plaintiff's Job Duties

In her Objections, Plaintiff offers a description of her job in the IEP teaching position, including attaching exhibits she did not previously attach to her response to the Motion for Summary Judgment. Doc. 114 at 6. Exhibit A is a list of her former job's duties, Doc. 114-1, and Exhibit B is an excerpt of her weekly calendar during 2016, Doc. 114-2. Plaintiff asserts that these exhibits show "how busy" she was and "how much pressure" she was under. Doc. 114 at 7. However, she does not relate the exhibits to the PFRD or any of her claims. And even if she had, the Court will not consider the exhibits because Plaintiff provided them for the first time in her objections. *See Marshall*, 75 F.3d at 1426.

### 4. Plaintiff's Disability

Plaintiff spends a large portion of her Objections addressing whether she has a disability. Doc. 114 at 8-12, 22-23. In the PFRD, Judge Yarbrough determined that it was unclear whether Plaintiff has a disability or if Defendants regarded Plaintiff as having a disability.[2] Doc. 110 at 12-15. Judge Yarbrough, however, recommended that the Court need not resolve whether Plaintiff has a disability because, even if she does, she is unable to present evidence sufficient to meet the prima facie burden to show an adverse action.[3]

---

[2] A "regarded-as" disability requires a showing that the Defendants *mistakenly* "believe[] that a person has a physical impairment that substantially limits one or more major life activities," or Defendants *mistakenly* "believe[] that an actual, nonlimiting impairment substantially limits one or more major life activities." *Lanman v. Johnson Cty., Kansas*, 393 F.3d 1151, 1156 (10th Cir. 2004).

[3] To establish a prima facie case of disability discrimination under the ADA, Plaintiff must prove that she "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer . . . because of that disability." *C.R. England, Inc.*, 644 F.3d at 1037-38. In order to satisfy the third prong, "a plaintiff must generally show that [s]he has suffered an adverse employment action because of the disability." *Id.* at 1038 (quotations omitted).

On *de novo* review, the Court agrees that Plaintiff has failed to meet the third element of a prima facie case for disability discrimination under the ADA: that she suffered discrimination, or an adverse action, by an employer because of her disability. Accordingly, the Court agrees that it need not resolve whether Plaintiff has a disability as defined by the ADA. As such, the Court overrules Plaintiff's objections regarding whether she has a disability.

5. Hostile Work Environment

In the PFRD, Judge Yarbrough concluded that "no reasonable jury could determine that [the undisputed] facts show an objectively hostile work environment, as the alleged hostile conduct was neither pervasive nor severe." Doc. 110 at 19. Plaintiff objects to this conclusion, arguing that "it was not the duties or her job that were intolerable, but the consistent implementation of change and implication and insinuations that Plaintiff was not doing her job." Doc. 114 at 13.

To establish a claim for hostile work environment, the plaintiff must show that the discrimination "was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment." *Morris v. City of Colorado Springs*, 666 F.3d 654, 663 (10th Cir. 2012) (quoting *Medina v. Income Support Div.*, 413 F.3d 1131, 1134 (10th Cir. 2005)). To that end, "a plaintiff must show that the environment was both objectively and subjectively hostile or abusive." *Id.* (quotation omitted). Determining whether an environment is objectively hostile requires the court to consider all circumstances, including "such factors as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quotations omitted).

6

The Court agrees with Judge Yarbrough that Plaintiff's general and vague allegations of harassment throughout the 2015/2016 school year do not constitute the objectively pervasive and severe harassment needed to support a hostile work environment claim. In her Objections, Plaintiff repeats her allegation that Defendants created a hostile work environment by adding additional duties to her job. Doc. 114-14. However, normal monitoring and job stress does not constitute a hostile environment. *See Trujillo v. Univ. of Colo. Health Sci. Center*, 157 F.3d 1211, 1214 (10th Cir. 1998). The Court also agrees with Judge Yarbrough that the April 14, 2016 incident during which another teacher became upset and yelled during an IEP, and Ms. Hoppman's response to that incident, did not create an objectively hostile environment when the single, isolated incident was neither pervasive nor severe. The Court overrules Plaintiff's objections as to her hostile work environment claim.

6.  Failure to Accommodate

Plaintiff appears to take issue with the PFRD's conclusion that she failed to engage with APS in an interaction process to request an accommodation. Doc. 114 at 20-21. Judge Yarbrough found that the APS EOS office sent Plaintiff paperwork requesting information about her disability and possible accommodations, which Plaintiff never returned. Doc. 110 at 27. In her Objections, Plaintiff notes paperwork from her therapist, Billie Poteet, that she submitted for FMLA leave. She then argues that this demonstrates she submitted an ADA request for accommodation and it is not her fault if the APS FMLA office and the EOS office do not communicate. Doc. 114 at 20 (citing Doc. 82-10).

Even if Plaintiff is correct that she requested an accommodation by requesting FMLA leave, the Magistrate Judge found that her ADA claim for failure to accommodate should fail for two other reasons: (1) "Plaintiff . . . never included a failure to accommodate claim in her

Complaint and has never sought to amend her Complaint to bring such a claim"; and (2) Plaintiff failed to make a prima facie case because she does not explain what her requested accommodation, "to feel supported," would entail. Doc. 110 at 26, 28. The Court agrees with Judge Yarbrough's analysis and overrules Plaintiff's objections.

      7.   <u>Transfer of Position</u>

      Judge Yarbrough recommended in the PFRD that the Court find that Plaintiff's transfer from the IEP teacher position to a math teacher position was not an adverse employment action because it was a purely lateral transfer within the same school and because both positions carried the same salary and medical benefits and were governed by the same terms and conditions of employment under the Negotiated Agreement. Doc. 110 at 21-24. Plaintiff objects to this holding, but offers no specific arguments to explain why it is wrong. Doc. 114 at 25-26. Upon review, the Court agrees with Judge Yarbrough that the transfer was not an adverse employment action. *See Watson v. Norton*, 10 F. App'x 669, 678 (10th Cir. 2001) (finding no adverse employment action when the plaintiff was transferred to a new position that (1) carried the same salary, rank, and grade, (2) was located in the same building with the same supervisor, and (3) had different responsibilities, but that the plaintiff was qualified to undertake).

      8.   <u>Objections Waived</u>

      Plaintiff included in her Objections six pages listing elements of different claims and listing case citations. Doc. 114 at 24-30. These pages make no argument as to how the PFRD is incorrect. Because Plaintiff offers no specific objections with the citations, the Court deems any arguments as waived. *See One Parcel of Real Prop.*, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

9.  <u>Plaintiff's Motion for Conference</u>

After filing her Objections, Plaintiff filed a "Motion for a Conference with District Judge Prior to the Determination of Defendants['] Motion for Summary Judgement." Doc. 116. In that Motion, Plaintiff requests that the Court stay its decision on Defendants' Motion for Summary Judgment and set a pretrial conference. *Id.* at 1. Plaintiff makes this request in order to receive further guidance from the Court on how to properly present her case. *Id.* at 4-5, 11. The Court, however, cannot assume the role of Plaintiff's advocate. *See Hall*, 935 F.2d at 1110. The Court declines to stay its decision on the present Motion for Summary Judgment to provide Plaintiff a further opportunity to respond to the Motion when Plaintiff has had multiple opportunities to present her case: in a written response to the Motion for Summary Judgment, at oral arguments hearing held by Magistrate Judge Yarbrough, and in her Objections to Judge Yarbrough's PFRD. Additionally, the Court denies Plaintiff's request to hold a pretrial conference. Because the Court grants Defendants' Motion for Summary Judgment as to all federal claims and remands the case as to all state claims, no issues remain before this Court on which to hold a pretrial conference.

Lastly, in her Motion, Plaintiff offers a number of arguments as to why the PFRD is incorrect. Doc. 116 at 6-11. To the extent Plaintiff is making further objections to the PFRD, the Court deems those objections waived as untimely. *See One Parcel of Real Prop.*, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

**CONCLUSION**

Following its *de novo* review, the Court agrees with the Magistrate Judge's recommendations. Accordingly, the Court ADOPTS the Magistrate Judge's PFRD (Doc. 110) and OVERRULES Plaintiff's Objections (Doc. 114).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 68) is **GRANTED IN PART**, as to all federal claims in Plaintiff's Third Amended Complaint for Employment Discrimination. The remaining state-law claims are **REMANDED** to the Seventh Judicial District Court for the State of New Mexico. Defendants' Motion to Exclude From Summary Judgment Consideration (Doc. 100) is **DENIED AS MOOT** and both parties' associated requests for sanctions are denied. Lastly, Plaintiff's Motion for a Conference with District Judge Prior to the Determination of Defendants' Motion for Summary Judgment (Doc. 116) is **DENIED**. A separate final order will enter contemporaneously.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT COURT JUDGE