IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIELLE NERI,

      Plaintiff,

  v.                                                                                Civ. No. 19-8 JCH/SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS
and CYNTHIA HOPPMAN,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**THIS MATTER** is before the Court on Plaintiff's "Motion for Reconsideration of Summary Judgment on May 28, 2020," filed June 25, 2020. Doc. 122. Defendants filed a response in opposition on July 8, 2020, Doc. 128, and Plaintiff filed a reply on July 10, 2020. Doc. 129. Having reviewed the briefs and all relevant authority, the Court denies Plaintiff's Motion.

This case arises from Plaintiff's dispute with her former employer, Albuquerque Public School ("APS"). She alleges that APS took adverse actions against her because of her disability of PTSD in violation of the American with Disabilities Act and the New Mexico Human Rights Act. On September 17, 2019, Defendants filed a Motion for Summary Judgment as to all Plaintiff's claims. Doc. 68. In accordance with the Court's Order of Reference, Doc. 37, Magistrate Judge Steven Yarbrough entered a Proposed Finding and Recommended Disposition ("PFRD") on April 22, 2020, Doc. 110. Judge Yarbrough recommended that the Court grant summary judgment in Defendants' favor as to all federal-law claims and remand the remaining state-law claims. Doc. 110. Plaintiff objected to the PFRD, Doc. 114, but the Court overruled those Objections and adopted the PFRD, Doc. 119. The Court then entered a Final Order on May

28, 2020. Doc. 120.

Following entry of the Final Order, Plaintiff filed the present Motion for Reconsideration. Doc. 122. At the same time, she filed a Notice of Appeal. Doc. 124. The Tenth Circuit Court of Appeals received and docketed the appeal. Doc. 126. The Tenth Circuit also entered an order abating Plaintiff's appeal until this Court rules on the pending Motion for Reconsideration. Doc. 127.

A motion for reconsideration "may be construed in one of two ways: if filed within [28][1] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In this case, Plaintiff filed her Motion for Reconsideration on June 25, 2020, exactly 28 days after the Court entered its Final Order. Docs. 120, 122. Accordingly, the Court reviews Plaintiff's Motion under Rule 59(e).

Under Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

---

[1] Since *Computerized Thermal Imaging* was published in 2002, the relevant time period under Rule 59(e) has changed from 10 days to 28 days.

Plaintiff fails to demonstrate any of the three circumstances required under Rule 59(e) and instead attempts to revisit issues previously addressed by the Court. She focuses her arguments on the third circumstance – the need to correct clear error or prevent manifest injustice – and presents no arguments regarding an intervening change in law or availability of new evidence.

Plaintiff first takes issue with the Court's treatment of a statement of facts she included in her Objections to the PFRD. In her Objections, Plaintiff listed all her material facts in response to the Motion for Summary Judgment. The Court found that, to the extent the list of facts contained any new facts, those new facts were waived because Plaintiff should have raised them in response to the Motion for Summary Judgement, not in her Objections. Doc. 119 at 4. Plaintiff believes that because the Court held that any new facts presented in Objections were waived, the Court did not review Plaintiff's facts presented in response to summary judgment when considering the PFRD. However, in its Order Adopting the PFRD, the Court also noted that, on *de novo* review of the PFRD, it agreed with the PFRD's recitation of undisputed, material facts. In the present Motion, Plaintiff fails to show that the Court committed any clear error.

Plaintiff also argues that Defendants' facts contained in their Motion for Summary Judgment "are only supported by often-misleading interpretations of Pro Se Plaintiff's manipulated Deposition, with no other supporting evidence." Doc. 122 at 21. However, undisputed material facts for summary judgment may be supported by depositions. Fed. R. Civ. P. 56(c)(1). More importantly, Plaintiff fails to show how her deposition testimony was "manipulated" or that Defendants' citation to her deposition created a clear error in the Court's ruling.

Plaintiff dedicates most of her Motion and reply to the argument that, in the PFRD and Order Adopting the PFRD, the Court "misappropriated, misunderstood, overlooked or [failed to give] the proper consideration" to Plaintiff's statement of facts and did not view the facts in the light most favorable to her, as the non-moving party. Doc. 122 at 1-2; Doc. 129 at 4. She proceeds to review each of her claims, restating the arguments she presented in response to summary judgment and in her objections to the PFRD. Doc. 122 at 3-9 (arguing that the transfer from the IEP teacher position was an adverse employment action); *id.* at 9-19 (arguing that she was subjected to a hostile work environment because of her disability); *id.* at 19-21 (arguing that APS failed to accommodate her). In essence, Plaintiff disagrees with how the Court applied the law to the undisputed facts of her case and therefore argues that the Court misunderstood or overlooked crucial facts. However, her disagreement with the outcome of the case is not grounds for reconsideration when she can point to no clear error, but simply repeats arguments already addressed by the Court.

For these reasons, the Court denies Plaintiff's Motion for Reconsideration of Summary Judgment on May 28, 2020 (Doc. 122). In accordance with the Tenth Circuit's Order (Doc. 127), the Clerk's Office shall supplement the preliminary record as Tenth Circuit Rule 3.2(B) requires.

_____
SENIOR UNITED STATES DISTRICT JUDGE