IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIELLE L. NERI,

    Plaintiff,

vs.                                                                      CIV 19-8 JCH/SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS
and CYNTHIA HOPPMAN,

    Defendants.

## ORDER DENYING PLAINTIFF'S SECOND MOTION TO RECUSE

This matter comes before the Court on Plaintiff's Second Motion to Recuse the Honorable Steven Yarbrough, filed May 4, 2022. Doc. 198; *see also* Doc. 200 (response); 201 (reply). Plaintiff seeks to disqualify the undersigned pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a). Plaintiff previously filed a motion to recuse the undersigned, which the Court denied. Doc. 160.

Section 144 provides that, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Plaintiff points to the affidavit and arguments in her previous motion to recuse to assert that the undersigned is biased or prejudiced against her as a pro se party. Doc. 198 at 1 (citing Docs. 149-1, 149-2, 149-3); Doc. 201 at 3-4. The Court, however, has already considered Plaintiff's prior motion and prior affidavit and determined that recusal is not warranted on the arguments previously raised. *See* Doc. 160. Other than arguing that the first motion to recuse was

incorrectly decided, Plaintiff points to nothing in her prior motion or affidavit that alters the Court's prior decision.[1]

Turning to Section 455(a), it provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard under § 455(a) is an objective one, requiring examination of whether a "reasonable factual basis exists for questioning the judge's impartiality." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020) ("Recusal for an appearance of bias is required when sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality.") (citing *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993)).

Plaintiff's main focus of her second motion to recuse is her assertion that the undersigned has demonstrated bias against her by the Court's failure to rule on her pending motions. She argues that "Judge Yarbrough [is] ignoring or disregarding all filings by Plaintiff, including time sensitive motions . . . ." Doc. 198 at 2. Failure to decide pending motions in the time preferred by a party is not grounds for recusal. *See Casanova v. Ulibarri*, No. CV 08-288 JAP/CG, 2016 WL 8118168, at *3 (D.N.M. Jan. 19, 2016) ("Although Plaintiff is understandably vexed about the slow progress of this case, this is not a proper basis for recusal where there is no indication that the delay is purposeful or a result of favoritism.").

In order to resolve the pending motions, the Court ordered supplemental briefing to clarify a specific issue. Doc. 182. Plaintiff takes issue with the supplemental briefing order,

---

[1] The Court's prior Order considered appearance of bias under 18 U.S.C. § 455(a). Doc. 160. Although Plaintiff argues in the current motion that the undersigned is actually biased, and so recusal is warranted under 18 U.S.C. § 144, she points to the same information as in her previous motion and the Court finds neither actual nor an appearance of bias.

arguing it is an example of bias against her because the Court is allowing Defendants to fix deficiencies. The supplemental briefing order, however, does not show bias against Plaintiff because it points out an issue neither side addressed and allows both sides to brief the issue. *See Liteky v. United States*, 510 U.S. 540, 556 (1994) (routine trial administration efforts do not provide a basis for disqualification).

    Lastly, Plaintiff points to a number of alleged deficiencies in prior hearings held by the undersigned that she argues shows bias or prejudice. She asserts that "every hearing except the Plaintiff's Motion to Compel hearing, on September 16, 2019, Defendants have been allowed to go first . . . ." Doc. 201 at 5. Plaintiff's argument fails to recognize that three of the five hearings held before the undersigned were not hearings, but status conferences, held to informally discuss matters with the parties. *See* Docs. 20, 48, 141 (clerk's minutes). At the two motions hearings held before the undersigned, the Court allowed the party who brought the motion (and therefore carried the burden) to present first. *See* Docs. 66, 109.

    Plaintiff also argues that the Court set a hearing on a prior summary judgment motion, giving each side twenty minutes (Docs. 92, 95), but then allowed Defendants' counsel 72 minutes to present their side. Doc. 201 at 5. Indeed, at that hearing, the Court did not limit the parties' presentation as it previously indicated it would. This, however, applied to both sides as the Court also allowed Plaintiff additional time to present her arguments. *See* Doc. 109 (clerk's minutes). Finally, Plaintiff asserts that "Judge Yarbrough also denied the Pro Se Plaintiff help at her table during these Oral Arguments, even when she stated she would give up that witness if he were allowed to assist the Plaintiff in keeping up with paperwork and keep Mrs. Neri on task." Doc. 201 at 5. The Court assumes that Plaintiff is referring to her husband, Mr. Neri, who attended both in-person hearings with Plaintiff and who the Court allowed Plaintiff to confer

with. *See* Doc. 66 at 3 (clerk's minutes: "The Court gives Plaintiff an opportunity to confer with Mr. Neri."); Doc. 106 (Order allowing Mr. Neri to sit a counsel table with Plaintiff during a hearing on January 16, 2020). In sum, none of the circumstances of the prior hearings that Plaintiff complains about create a reasonable factual basis for questioning the undersigned's impartiality.

The Tenth Circuit has held that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Cooley*, 1 F.3d at 994. Here, the undersigned finds no occasion to recuse himself for bias or impartiality or an appearance of bias or impartiality under 28 U.S.C. § 144 or § 455(a). Accordingly, Plaintiff's Second Motion to Recuse the Honorable Steven C. Yarbrough (Doc. 198) is DENIED.

*[signature]*
_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE