IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIELLE NERI,

    Plaintiff,

    v.      Civ. No. 19-8 JCH/SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS
and CYNTHIA HOPPMAN,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on a series of motions and supplemental filings: (1) Plaintiff's Motion to Reinstate her Federal Discrimination Claims, Doc. 140; (2) Plaintiff's Memorandum in Support of her Motion to Reinstate Federal Discrimination Claims with Particular Reference to her Retaliation Claim, Doc. 153; (3) Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment on Purported Retaliation Claim(s), Doc. 154; (4) Defendants' Motion for Summary Judgment on State Claims and Damages, Doc. 168; (5) Defendants' Supplemental Briefing in Support of Defendants' Motion for Summary Judgment on State Claims and Damages, Doc. 186; (6) Defendants' Motion for Reconsideration, Doc. 169; (7) Defendants' Motion to Exclude from Summary Judgment Consideration, Doc. 100; (8) Plaintiff's Motion to Strike Defendants' Motions for Summary Judgments, Motion to Dismiss and Motion for Reconsideration due to Non-Compliance with Local Civil Rules of the United States District Court for the District of New Mexico, Doc. 183; (9) Plaintiff's Motion for Expedited Order for Defendants to File Other Relevant Parts of Deposition, Doc. 184; and (10)

Plaintiff's Motion for Leave to File Surreply to Defendants' Supplemental Briefing in Support of Defendants' Motion for Summary Judgment on State Claims and Damages, Doc. 196.

The Court referred these matters to Magistrate Judge Steven Yarbrough, Doc. 37, and on September 1, 2022 he issued a Proposed Findings and Recommended Disposition ("PFRD") addressing all pending motions. Doc. 209. The PFRD recommends that the following claims are no longer viable: Plaintiff's claims under the federal American with Disabilities Act ("ADA") and the state New Mexico Human Rights Act ("NMHRA") for alleged discrimination based on actual impairment or record of impairment; hostile work environment; constructive discharge; failure to accommodate; and FMLA and disability retaliation claims. This leaves on track for trial Plaintiff's claim for alleged discrimination under the ADA and the NMHRA based on a demotion because APS regarded Plaintiff as being disabled. The PFRD recommends that for the remaining claim, Plaintiff is unable to recover back and front pay and compensatory damages for her auto loan, moving expenses, and future pecuniary losses, but may seek compensatory damages for emotional distress. On September 14, 2022, Plaintiff timely filed her *Memorandum in Opposition to the Honorable Judge Steve Yarbrough's Proposed Findings and Recommended Disposition (PFRD), filed September 1, 2022*. Doc. 210. Plaintiff's objections are now before the Court.

**LEGAL STANDARD**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §

636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

When a plaintiff proceeds pro se, the court generally construes her pleadings liberally, holding them to a less stringent standard than those filed by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for a pro se litigant's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.*

## ANALYSIS

At the end of the PFRD, Judge Yarbrough summarized his recommendations regarding each pending motion and summarized which claims he recommends should be dismissed and which claims should proceed to trial. Doc. 209 at 69-71. Plaintiff opens her filing by summarizing her objections to many of the recommend holdings. Doc. 210 at 4-9. Plaintiff then discusses each objection in depth and the Court will address each in turn.

1. **Motion to File Depositions**

In the PFRD, Judge Yarbrough recommends denying Plaintiff's request to order the Defendants to file on the docket copies of three deposition transcripts—her deposition, her expert witness Billie Poteet, and her witness Dianne Horton. Doc. 209 at 7-11. In her objections, Plaintiff clarifies that "she is not asking for complete deposition transcripts," but is asking "this court to order Defendants to introduce other relevant portions of these transcripts." Doc. 210 at 9. Plaintiff cites Federal Rule of Civil Procedure 32(a)(6) and Federal Rule of Evidence 106.

Rule 32(a)(6) provides that "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Rule 106, also known as the rule of completeness, similarly provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." "The rule of completeness appears to be uniquely applicable in a trial setting. The purpose of Rule 106 is to prevent a party from misleading the jury, but there is no jury on a summary judgment motion." *Lopez v. Delta Int'l Mach. Corp.*, 312 F. Supp. 3d 1115, 1154–55 (D.N.M. 2018) (Browning, J.). "Nevertheless, the general principle animating the rule of

completeness—guarding against deception—is appropriate at the summary judgment phase. A judge, just like a jury, should not be misled, especially on a dispositive motion." *Id.*

Although her motion to file depositions discusses three transcripts, in her objections Plaintiff only discusses Ms. Poteet's deposition transcript, and so the Court will do the same. Plaintiff argues that portions of Ms. Poteet's deposition transcript need to be introduced under the rule of completeness in order to support her claim for actual impairment. That is, the Tenth Circuit found that Plaintiff's claim for actual impairment fails because "Mrs. Neri does not point to any opinion by Ms. Poteet linking any of her alleged limitations to her PTSD." *Neri v. Bd. of Educ. for the Albuquerque Pub. Schs.*, 860 F. App'x 556, 562 (10th Cir. 2021). Plaintiff now argues that unintroduced portions of Ms. Poteet's deposition will provide that necessary link. She points to parts of Ms. Poteet's deposition in which Ms. Poteet discusses Plaintiff's PTSD symptoms and treatment and argues that "[w]hether Ms. Poteet knew it or not, her answers would be the medical evidence necessary to link Plaintiff's PTSD diagnosis with Plaintiff's symptoms to establish that her PTSD substantially limited a[t] least one major life activity." Doc. 201 at 11. But listing Plaintiff's symptoms is not the same as linking an alleged limitation of a major life activity to PTSD. *See Neri*, 860 F App'x at 562. And Ms. Poteet specifically testified that the only expert opinion she would offer is that Plaintiff does, in fact, have PTSD. Doc. 186-2 at 12:20 to 13:5. Thus, it does not appear to the Court that other portions of Ms. Poteet's deposition need to be introduced to guard against deception.

Finally, Plaintiff presents no information to explain why information from Ms. Poteet is uniquely obtainable via deposition testimony. To the extent Plaintiff believed that Ms. Poteet would offer evidence necessary on summary judgment, Plaintiff could have presented that

5

information in another form, such as an affidavit. Plaintiff's objections on the motion to file depositions are overruled.

2.  **Record of Impairment**

In her motion to reinstate, Plaintiff seeks to reinstate her "record of impairment claim" even though the Tenth Circuit declined to address that issue on the grounds it was not adequately argued before this Court. Doc. 140; *see also Neri*, 860 F. App'x at 561 n.3. The PFRD recommends rejecting Plaintiff's record of impairment claim for two reasons: (1) Plaintiff presents no authority as to why this Court should consider her new arguments raised for the first time after remand; and (2) even considering the merits of Plaintiff's claim, it fails because, as the Tenth Circuit found regarding her claim for actual impairment, Plaintiff lacks medical evidence to link her PTSD diagnosis with her symptoms to establish that she has a record of an impairment that substantially limits at least one major life activity. Doc. 209 at 25-26.

Plaintiff objects to this recommendation but the Court finds no error. First, Plaintiff asserts that Judge Yarbrough "predetermined" that her state claim for record of impairment should fail merely because the federal claim fails. Doc. 210 at 13-14. The PFRD, however, analyzes the merits of Plaintiff's record of impairment claim under both the federal ADA and the state NMHRA. Doc. 209 at 25-27.

Next, Plaintiff argues that she did raise a claim for record of impairment earlier in the case (prior to the Tenth Circuit Order) when she discussed "relevant medical records." Doc. 210 at 14 (citing Doc. 82 at 3). Even assuming Plaintiff is correct that she raised a record of impairment claim prior to the Tenth Circuit Order, the Court agrees with the PFRD that such a claim fails on the merits.

A record of impairment claim requires that "(1) the plaintiff has a record of, or has been misclassified as having, (2) a recognized impairment that (3) the plaintiff 'actually suffered' and that (4) substantially limited (5) a major life activity." *Zwygart v. Bd. of Cnty. Comm'r of Jefferson Cnty, Kan.*, 483 F.3d 1086, 1091 (10th Cir. 2007); *Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 2002-NMSC-004, ¶ 8, 131 N.M. 607 (relying on federal ADA guidance to interpret the NMHRA). As discussed above, the Tenth Circuit considered whether Plaintiff could show an impairment that substantially limits one or more appropriate major life activities and found she could not. *Neri*, 860 F. App'x at 562-63. While Plaintiff presented testimony from her therapist, Ms. Poteet, that she has been diagnosed with PTSD, she did not present any medical evidence to "link her PTSD diagnosis with her symptoms to establish that her PTSD substantially limits at least one major life activity." *Id.* This omission is also fatal to her record of impairment claim. In her objections, Plaintiff repeats her argument that Ms. Poteet offered testimony about Plaintiff's symptoms. Doc. 210 at 16-17, 20. But as the Tenth Circuit explained,

> We do not dispute that Mrs. Neri has provided sufficient evidence that she has been diagnosed with PTSD. As stated, she offered her therapist, Ms. Poteet, as an expert witness regarding that issue. But in her deposition, Ms. Poteet stated that the only expert opinion she would offer "is whether, in fact, [Mrs.] Neri has PTSD." R. Vol. 1 at 283. Mrs. Neri does not point to any opinion by Ms. Poteet linking any of her alleged limitations to her PTSD. But it is that type of medical evidence that she must present.

*Neri*, 860 F. App'x at 562. The same is true of her record of impairment claim.

Plaintiff also points to 75 pages of medical records attached to prior briefing that she argues list her PTSD diagnosis and symptoms. Doc. 210 at 19 (citing Doc. 146-1). But again, merely listing Plaintiff's subjective symptoms is not the same as linking "her PTSD diagnosis with her symptoms to establish that her PTSD substantially limits at least one major life activity"

7

as is required for a claim of record of impairment. *Neri*, 860 F. App'x at 563. Plaintiff's objections are overruled on her claim for record of impairment.

### 3. Hostile Work Environment

The Tenth Circuit affirmed summary judgment of Plaintiff's hostile work environment claim brought under the ADA and, for the same reasons discussed by the Tenth Circuit, the PFRD recommends granting summary judgment in Defendants' favor as to Plaintiff's hostile work environment claim brought under the NMHRA. Doc. 209 at 57-60. Plaintiff objects to this recommendation. Doc. 210 at 23-42.

As the PFRD correctly recites, the standards to establish a claim for hostile work environment under the NMHRA and ADA are the same. Under both statutes, a hostile work environment exists "when the offensive conduct becomes so severe and pervasive that it alters the conditions of employment in such a manner that the workplace is transformed into a hostile and abusive environment for the employee." *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶¶ 23-24, 91 P.3d 58 (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *see also Neri*, 860 F. App'x 556, 566 (under the ADA, "[t]o avoid summary judgment on a hostile work environment claim, 'a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'") (quoting *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1171 (10th Cir. 2018)). Under both the NMHRA and the ADA, "[t]he work environment must be both objectively and subjectively offensive—one that a reasonable person would find hostile or abusive and one that the employee did perceive as being hostile or abusive." *Ocana*, 2004-NMSC-018, ¶ 24; *see also*

*Neri*, 860 F. App'x at 566 ("The environment must have been both objectively and subjectively hostile." (internal quotation marks and citation omitted)).

When analyzing Plaintiff's hostile work environment under the ADA, the Tenth Circuit considered the following facts alleged by Plaintiff:

> Ms. Hoppman continually harassed [Plaintiff] throughout the 2015/2016 school year; Ms. Hoppman changed her job's expectations and benefits throughout the 2015/2016 school year; in the April 14, 2016 IEP meeting Mr. Kegler shoved his chair into the wall and slammed his laptop shut; Ms. Hoppman told [her] that the April 14, 2016 incident was 'no big deal'; and Ms. Hoppman sent support for Mr. Kegler at the April 15, 2016 IEP meeting.

*Neri*, 860 F. App'x at 567. The Tenth Circuit found that Plaintiff "failed to show that these incidents were either pervasive or severe enough to create an objectively hostile work environment." *Id.* The PFRD found that "in the present summary judgment motion, the only fact Plaintiff adds is that she finished the 2015/2016 school year with the same amount of completed IEPs as the previous two years." Doc. 209 at 60 (citing Doc. 172 at 29 ¶¶ C-3, D-4). The PFRD continued: "This fact adds little to Plaintiff's hostile work environment claim. As the Court previously found, and as affirmed by the Tenth Circuit, Plaintiff fails to show pervasive or severe incidents to create an objectively hostile work environment under the NMHRA." *Id.*

In her current objections, Plaintiff lists "actions by Defendants that should have been considered [when] looking at the totality of circumstances" for her hostile work environment claim. But many of her listed actions merely repeat those already considered by the Tenth Circuit: throughout the 2015-2016 school year, Ms. Hoppman added additional duties to Plaintiff's job, changed the requirements of her position, and revoked her comp time, and Ms. Hoppman sent support for Mr. Kegler during a meeting that followed the April 14, 2016, incident. Doc. 210 at 26-28. As discussed above, these facts are insufficient to show pervasive or severe incidents that create an objectively hostile work environment. Plaintiff also argues that

9

Ms. Hoppman created a hostile work environment by creating "a false paper trail in order to try and claim Plaintiff was not doing her job," and that Ms. Hoppman and Albuquerque Public Schools ("APS") failed to follow "APS' own policies." Doc. 210 at 27, 40. In her original briefing, she lumped these arguments together with her argument that Ms. Hoppman changed her job duties. Doc. 164-31-34; Doc. 172 at 30. In any event, the Tenth Circuit already considered, and found insufficient, the fact that "Ms. Hoppman continually harassed [Plaintiff] throughout the 2015/2016 school year." *Neri*, 860 F. App'x at 567.

Finally, Plaintiff argues that Defendants created a hostile work environment by demoting Plaintiff due to her disability, transferring her in retaliation for taking FMLA leave, and failing to accommodate Plaintiff's PTSD after the April 14, 2016 incident. Doc. 210 at 28-29, 40-41. While Plaintiff has previously raised these arguments as separate causes of action, she includes these arguments in her hostile work environment claim for the first time in her objections; as a result, the Court deems her new theories waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Plaintiff's objections are overruled.

4. **Constructive Discharge**

Similar to her claim for hostile work environment under the ADA, the Tenth Circuit considered Plaintiff's claim for constructive discharge under the ADA and held that she had "not shown that a reasonable jury could find the conditions of the math teacher position so objectively intolerable that she had no other choice but to quit." *Neri*, 860 F. App'x at 567 (internal quotation marks and citation omitted). Thus, the Tenth Circuit affirmed summary judgment on her federal constructive discharge claim. *Id.* Defendants moved for summary judgment on Plaintiff's claim for constructive discharge under the NMHRA and the PFRD recommends

10

granting summary judgment for the same reasons discussed by the Tenth Circuit. Doc. 209 at 60-61. Plaintiff objections to this recommendation. Doc. 210 at 42-54.

In her objections, Plaintiff focuses on three arguments she attributes to Defendants: that during Plaintiff's meeting with Ms. Hoppman before the transfer, Plaintiff indicated she was overwhelmed (Doc. 210 at 45-48); that she admitted Mr. Kegler did not threaten her (*id.* at 48-51); and that Ms. Poteet is not qualified to link Plaintiff's PTSD with her symptoms to establish that her PTSD substantially limited a major life activity (*id.* at 51-54). Plaintiff argues that Defendants misrepresented the facts related to these arguments. Even if true, none of these arguments relate to the constructive discharge claim. The Tenth Circuit, and likewise the PFRD, found that Plaintiff's constitutive discharge claim (under the ADA or the NMHRA) fails because the transfer to the math teacher position, a position with the same salary and medical benefits, was not "so objectively intolerable" that Plaintiff "had no other choice but to quit." *Neri*, 860 F. App'x at 567. Plaintiff does not challenge this holding and so her objections are overruled.

5. **Burden of Proof for Summary Judgment**

Under this heading, Plaintiff makes a variety of objections. First, she again argues that Defendants did not attach missing but relevant potions of the deposition transcripts as required under the Federal Rules of Civil Procedure and Federal Rules of Evidence. The Court has already addressed this argument. Plaintiff also asserts, without providing any details, that "Defendants' support for their motions includes very little documented evidence to support their motions. Plaintiff however supports that genuine issues of Material facts still exist with numerous amounts of documented evidence, pointed to within the record." Doc. 210 at 54. Without more information, it is unclear what Plaintiff is objecting to. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the

magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

Second, Plaintiff objects to the PFRD's recommendation to deny her motion to strike. Doc. 210 at 54. In her motion, Plaintiff seeks a Court order striking a number of Defendants' motions due to Defendants' failure to comply with Local Rule 56.1(b) by filing a table of authorities. Doc. 183. The PFRD recommends denying her motion to strike because Rule 56.1 is open to interpretation, but even accepting Plaintiff's interpretation of the rule (that a table of authorities is required with every motion), Defendants' failure to include a table did not prejudice Plaintiff. Doc. 209 at 12-13. Plaintiff does not address this recommendation, but she argues that "a rule is a rule is a rule." Doc. 210 at 55. However, the Court fundamentally disagrees with Plaintiff's interpretation of Local Rule 56.1(b). The undersigned judge has never read that rule to require an itemized list of cases and other authorities in a summary judgment brief and is unaware of any other judge in the District of New Mexico who has imposed such a requirement. It is enough that the authorities are listed and discussed within the body of the brief. Furthermore, the Court agrees with the PFRD that, even if a table of authorities were required (which it is not), Defendants' failure to include table in their motions did not prejudice Plaintiff such that striking their motions would be appropriate. Plaintiff's objections are overruled.

Next, Plaintiff cites the definition of disability as defined in 42 U.S.C. § 12102 and lists general objections to recommendations made in the PFRD, without providing any details as to the recommendation or her objection. Doc. 209 at 55-57. Then, Plaintiff argues that she suffered an adverse employment action. Doc. 210 at 57-59. She starts with discussing the transfer as a demotion—an issue that is not presently before the Court as the Tenth Circuit has already found that a genuine issue of material fact exists. Plaintiff then discusses hostile work environment and

constructive discharge (Doc. 210 at 57-59), which the Court addressed above. Plaintiff also mentions failure to accommodate, without making any arguments. Doc. 210 at 59. Lastly, Plaintiff "requests this court to receive further evidence supporting her claim, the attached excerpts from DSM-IV on PTSD and the article from World Psychiatry, attached herein before determining, whether or not to throw Plaintiff's claims out." Doc. 201 at 61; *see also id.* at 62-75 (attachments). It is not clear exactly what Plaintiff is asking the Court to review. As to all these objections, to the extent Plaintiff is make new objections or offering new evidence, as opposed to summarizing objections previously made, the Court overrules these objections as not specific. *See One Parcel of Real Prop.*, 73 F.3d at 1060.

## CONCLUSION

Following its de novo review, the Court agrees with the Magistrate Judge's recommendations. Accordingly, the Court **ADOPTS** the PFRD (Doc. 209) and **OVERRULES** Plaintiff's Objections (Doc. 210). It is therefore ordered as follows:

- Given the Tenth Circuit mandate remanding a federal claim, the Court no longer declines supplemental jurisdiction over Plaintiff's state-law claim;

- Plaintiff's Motion for Expedited Order for Defendants to File Other Relevant Parts of Deposition (Doc. 184) is **DENIED**;

- Plaintiff's Motion to Strike Defendants' Motions for Summary Judgments, Motion to Dismiss and Motion for Reconsideration due to Non-Compliance with Local Civil Rules of the United States District Court for the District of New Mexico (Doc. 183) is **DENIED**;

- Defendants' Motion for Reconsideration (Doc. 169) is **GRANTED IN PART** and the Court reconsiders the Motion to Exclude (Doc. 100) as it relates to Plaintiff's letter to

Ms. Hoppman. The remainder of Defendants' Motion for Reconsideration (Doc. 169) is **DENIED**;

- Defendants' Motion to Exclude from Summary Judgment Consideration (Doc. 100) is **DENIED** as to Exhibit 12 (Doc. 82-12) and Exhibit 14 (page 1) (Doc. 82-14 at 1). The remainder of the Motion to Exclude (Doc. 100) is **DENIED AS MOOT**. Defendants' request for attorney's fees and Plaintiff's request for sanctions in the motion to exclude (Doc. 100) is **DENIED**;

- Plaintiff's Motion to Reinstate her Federal Discrimination Claims (Doc. 140) is **DENIED IN PART** as to claims that were dismissed by this Court and affirmed by the Tenth Circuit, and **GRANTED IN PART** as to those claims reversed and remanded by the Tenth Circuit;

- Defendants' Motion to Dismiss (Doc. 154) is **DENIED IN PART** as to Plaintiff's claim for FMLA retaliation and **GRANTED IN PART** as to any claims for disability retaliation under the ADA or NMHRA;

- Plaintiff's request to reinstate her FMLA retaliation claim as made in her Memorandum in Support of her Motion to Reinstate Federal Discrimination Claims with Particular Reference to her Retaliation Claim (Doc. 153) is **GRANTED**. Her request to reinstate as to any disability retaliation claim under the ADA and NMHRA is **DENIED**. Additionally, Plaintiff's request for leave to amend her complaint to add disability retaliation claims is **DENIED**;

- Defendants' Motion for Summary Judgment on Purported Retaliation Claims (Doc. 154) is **GRANTED** as to Plaintiff's claim for FMLA retaliation;

- Defendants' Motion for Summary Judgment on State Claims and Damages (Doc. 168 with Supplemental Doc. 186) is **GRANTED IN PART** as to Plaintiff's state-law claims for hostile work environment, constructive discharge, discrimination based on actual impairment, back and front pay, and compensatory damages for Plaintiff's auto loan, moving expenses, and future pecuniary losses. Defendants' motion for summary judgment (Doc. 168) is **DENIED IN PART** as to Plaintiff's claim for compensatory damages for emotional distress; and

- Plaintiff's Motion for Leave to File Surreply to Defendants' Supplemental Briefing in Support of Defendants' Motion for Summary Judgment on State Claims and Damages (Doc. 196) is **DENIED** and Plaintiff's Surreply in Opposition to Defendants['] Motion for Summary Judgment on State Claims and Damages (Doc. 197) is **STRICKEN**.

Following this Order and the Tenth Circuit's mandate (Doc. 138), Plaintiff's only remaining claim for trial is her claim of discrimination under the ADA and the NMHRA based on an alleged demotion because APS regarded her as being disabled. For her remaining claim, Plaintiff may seek compensatory damages for emotional distress based on the demotion.

_____
SENIOR UNITED STATES DISTRICT JUDGE