IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIELLE NERI,

    Plaintiff,

v.                                                                                  Civ. No. 19-8 JCH/SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS
and CYNTHIA HOPPMAN,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

This matter is before the Court on Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, filed October 6, 2022. Doc. 213. On September 29, 2022, the Court entered an Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition. Doc. 212. That Order addressed all pending motions, disposing of several of Plaintiff's claims and leaving on track for trial Plaintiff's claim for discrimination under the ADA and the NMHRA based on an alleged demotion because APS regarded her as being disabled. *Id.* at 15. On October 6, 2022, Plaintiff Danielle Neri, proceeding pro se, filed a Notice of Appeal, along with a request to proceed on appeal in forma pauperis. Doc. 213, 214.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides, in pertinent part:

[A] party to a district-court action who desires to appear in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
    (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and
    (C) states the issues that the party intends to present on appeal.

This requirement does not apply to "[a] party who was permitted to proceed in forma pauperis in the district-court action," as such a party "may proceed on appeal in forma pauperis without

further authorization unless the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or a statute provides otherwise." Fed. R. App. P. 24(a)(3).

In this case, Plaintiff did not have prior approval to proceed in forma pauperis in the district court action.[1] Accordingly, the Court must evaluate whether Plaintiff is entitled to proceed in forma pauperis under Rule 24(a)(1). In order to succeed on her motion to proceed in forma pauperis, she "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). To that end, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In this context, good faith means seeking "appellate review of any issue not frivolous" under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *see also United States v. Ballieu*, 480 F. App'x 494, 498 (10th Cir. 2012).

Here, Plaintiff has met the first requirement—she has shown her inability to pay. Her financial declaration indicates that she has no employment and her spouse's monthly gross pay exceeds their monthly expenses by only $7.89.[2] Doc. 213. at 3-8. However, the Court denies her motion to appeal in forma pauperis because the Court finds that Plaintiff's request for appellate review is frivolous.

---

[1] Plaintiff filed her original Complaint in state court and Defendants removed it to federal court, paying the filing fee.

[2] Plaintiff's financial disclosure statement indicates that she spends $1,000 a month in rent, but $1,200 a month in electricity and heating fuel. Doc. 213 at 6. She provides no explanation for this discrepancy. The Court, however, need not gather more information at this time because it denies her motion to appeal in forma pauperis for a different reason.

"The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291 "A decision is 'final' when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Koch v. City of Del City*, 660 F.3d 1228, 1235 (10th Cir. 2011) (internal quotation marks and citation omitted). Said another way, "[a] final decision must dispose of all claims by all parties." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016). In this case, there is currently no final decision. The Order that Plaintiff appeals dismisses some of her claims but one claim (discrimination under the ADA and the NMHRA based on an alleged demotion because APS regarded her as being disabled) remains active.

To that end, "[i]n cases involving multiple claims or parties, a district court's order 'that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties' is not a final decision unless the district court directs entry of a final judgment as to one or more claims or parties under Rule 54(b), which then becomes final as to those claims or parties." *Koch*, 660 F.3d at 1235 (10th Cir. 2011) (quoting Fed. R. Civ. P. 54(b)). The Court has not entered a Rule 54(b) judgment and Plaintiff has not requested one.[3] The Court has also not certified this issue for interlocutory appeal. *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially

---

[3] A Rule 54(b) order "require district courts to make two explicit determinations in the certification order. First, the district court must determine the judgment is final. Second, it must determine there is no just reason for delay of entry of its judgment." *Trujillo*, 813 F.3d at 1316 (internal citations omitted).

advance the ultimate termination of the litigation, he shall so state in writing in such order."). Plaintiff has pointed to no basis for the United States Court of Appeals to exercise jurisdiction over this matter and this Court finds that Plaintiff's request for appellant review is frivolous.

For these reasons, the Court certifies that this appeal is not taken in good faith and **DENIES** Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (Doc. 213). The Clerk of the Court shall forward a copy of this Order to the Tenth Circuit Court of Appeals. *See* F. R. App. P. 24(a)(4). Plaintiff is advised that she may file a motion for leave to proceed on appeal in forma pauperis with the United State Court of Appeals for the Tenth Circuit within 30 days after service of this Order. Fed. R. App. P. 24(a)(5).

_____
SENIOR UNITED STATES DISTRICT JUDGE