**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIELLE L. NERI

     Plaintiff,

v.                                Case No. 1:19-cv-00008-JCH-SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS,
and CYNTHIA HOPPMAN,

     Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO SET ASIDE SETTLEMENT AGREEMENT AND
VACATE ORDER OF DISMISSAL FOR FRAUD ON THE COURT**

Pro se Plaintiff Danielle L. Neri moves the Court for an order setting aside the settlement agreement and vacating the final order of dismissal, Doc. 241, entered in 2023. *See generally* Doc. 243 ("Amended Motion"). She also requests oral argument and an evidentiary hearing on the matter. *See generally* Doc. 253. Defendants, the Board of Education for Albuquerque Public Schools ("APS") and Cynthia Hoppman, oppose. *See generally* Docs. 245, 254. As outlined below, Neri argues that several circumstances warrant relief under Rule 60 of the Federal Rules of Civil Procedure. The Court concludes the opposite.

Having carefully considered the briefs, Neri's supplemental filings,[1] the relevant law, and being otherwise fully informed, the Court will deny Neri's Amended Motion, Doc. 243, and her request for a hearing. Doc. 253 at 7-8.

---

[1] Neri filed a Revised Exhibit, Docs. 257, 257-1, and a Notice of Supplemental Authority and Updated Exhibit List for Evidentiary Hearing, Doc. 258, and the related exhibits, Docs. 258-1, 258-2, 258-3, 258-4, 258-5, 258-6.

1

**BACKGROUND**

In the operative complaint, Neri alleged Defendants took adverse action against her in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New Mexico Human Rights Act ("NMHRA"), NMSA 1978, §§ 28-1-1-15. *See generally* Doc. 38 (Third Amended Complaint). In particular, she claimed Defendants discriminated and retaliated against her based on her diagnoses of Post Traumatic Stress Disorder ("PTSD") and an anxiety disorder. *Id.* at 3. Early on, the Court referred this case to United States Magistrate Judge Steven C. Yarbrough. Doc. 37 at 1 (order of referral). From there on he considered Neri's claims, conducted hearings, and analyzed the parties' arguments. He also issued the first Proposed Findings and Recommended Dispositions ("PRFD") in April of 2020. *See generally* Doc. 110. After the Court adopted that PFRD, Doc. 119, Neri appealed to the Tenth Circuit. Doc. 124 (June 2020 Notice of Appeal).

Litigation continued after the Tenth Circuit affirmed the Court's ruling in part, reversed it in part, and remanded some of Neri's claims. *See Neri v. Bd. of Educ. for the Albuquerque Pub. Schs.*, 860 F. App'x 556 (10th Cir. 2021); Doc. 138 (Mandate). In a continued effort to prove her claims, Neri offered Billie Poteet—who was a licensed independent social worker ("LISW") and one of Neri's healthcare providers[2]—as an expert witness to testify about her PTSD. *See* Doc. 184 at 2. Defendants deposed Poteet; Neri did not attend the deposition. *See* Doc. 243-1 at 23-26 (Defendants' First Amended Notice to Take Deposition Duces Tecum); Doc. 253 at 3 ¶ 5.

After the deposition, Neri claimed she was unable to afford copies of the deposition transcript, so she moved the Court to order Defendants to file a complete copy of the transcript.

---

[2] Neri filed her Notice of Suggestion of Death of Expert Witness Billie Poteet on April 30, 2026. Docs. 260, 260-1. Poteet passed away just over three years ago in April 2023. Doc. 260 at 1.

*See generally* Doc. 184 (Neri's Motion for Expidited [*sic*] Order for Defendants to File Other Relevant Parts of Depositions). To address this request, along with various other pending motions, Judge Yarbrough issued the second PFRD on September 1, 2022. Doc. 209 ("second PFRD").

There, Judge Yarbrough recommended "rejecting [Neri]'s request that Defendants file the complete deposition transcripts." *Id.* at 9. He also noted that the sought-after portions of the transcript would not support Neri's claim and the evidence she wished to provide to the Court could be presented in other forms. *See id.* at 9 n.5, 10. Judge Yarbrough also stated that some of the claims Neri wished to substantiate were "no longer viable." *Id.* at 10; *see also id.* at 20 (addressing the "claims the Tenth Circuit's reversal reinstated, which claims are no longer viable because the Tenth Circuit affirmed summary judgment, and which claims the Tenth Circuit did not consider other than directing the Court to given further consideration"). Neri objected to these conclusions. Doc. 210. Particularly, Neri reiterated that obtaining the transcript would remedy the issues the Tenth Circuit found on appeal, including creating the "medical evidence necessary to link" her PTSD diagnosis and her symptoms. *Id.* at 11. The Court overruled these objections and concluded, "[I]t does not appear . . . that other portions of Ms. Poteet's deposition need to be introduced to guard against deception." Doc. 212 at 5.

Neri appealed a second time. *See* Docs. 214, 225, 226. The Tenth Circuit concluded it lacked jurisdiction and dismissed the appeal. Doc. 228 at 2-3.

Afterwards, the parties continued to pursue settlement. *See* Doc. 237 at 1 (Clerk's Minutes for Settlement Conference). They ultimately entered into a settlement agreement on July 19, 2023. Doc. 245-1 (Settlement Agreement and Release). In that contract, Neri agreed to release and discharge further claims and demands against Defendants. *Id.* at 1-2 ¶¶ 1.1-1.4. Soon thereafter, on August 7, 2023, the parties filed a Joint Motion to Dismiss with Prejudice. Doc. 240. The next

day, the Court entered the Stipulated Order of Dismissal with Prejudice. Doc. 241. Therein, the Court noted that "all claims that were made or that could have been asserted . . . have been amicably resolved," and ordered "that this matter is dismissed with prejudice." *Id.* at 1.

Now, Neri seeks to set aside the final settlement agreement and return the case to an active docket. *See generally* Doc. 243, 247.[3] She also requests oral argument and an evidentiary hearing on the matter. *See generally* Docs. 253, 255.

## DISCUSSION

Neri brings her Amended Motion pursuant to Rule 60(b)(3) and (d)(3) of the Federal Rules of Civil Procedure. Under subsection (b)(3), a district court may relieve a party from a final judgment based on "fraud . . ., misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). Meaning, a litigant "must show clear and convincing proof of fraud, misrepresentation, or misconduct. Moreover, the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (citation modified).

As to the latter half of Neri's Amended Motion, Rule 60(d) grants courts "Other Powers to Grant Relief." This includes the ability to set "aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Fraud on the court claims merit separate analysis not only because they are exempt from the one year time-period for filing claims under Rule 60(b)(3), but also because they are much more difficult to prove." *Zurich*, 426 F.3d at 1291.

---

[3] Neri filed the first Motion to Set Aside Settlement Agreement and Vacate Order of Dismissal for Fraud on the Court, Doc. 242, two days before she filed the Amended Motion. She also appealed to the Tenth Circuit in between the filing of the Amended Motion, Doc. 243, and her request for oral argument, Doc. 253. *See* Doc. 251 (letter acknowledging docketing of writ of mandamus). The Tenth Circuit denied her petition. Doc. 252 at 2.

Neri argues that together subsections (b)(3) and (d)(3) provide her relief. *See* Doc. 243 at 6 ¶ 13; Doc. 247 at 5-6. The two subsections work independently, however, because they "are two distinct bases for post-judgment relief." *Zurich*, 426 F.3d at 1291. The Court's analysis follows suit, beginning with her arguments under subsection (b)(3). For her Amended Motion to succeed, Neri "must, by adequate proof,"—that is, by clear and convincing evidence— "substantiate the claim of fraud." *Id.* at 1290 (citation modified).

**I.      Neri's Rule 60(b)(3) argument is time barred.**

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Ordinarily, a motion under this Rule "must be made within a reasonable time—and for [the] reasons [enumerated in (b)](1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1).

Here, the Court entered the Stipulated Order of Dismissal with Prejudice on August 8, 2023. Doc. 241. Neri filed her Amended Motion on September 15, 2025. Doc. 243. Because Neri's Amended Motion was filed over two years after this case was dismissed, her request is untimely under Rule 60(b)(3). "Parties and their attorneys must be held to a reasonably high standard of diligence in observing the courts' rules of procedure."[4] *Bud Brooks*, 909 F.2d at 1440. Neri's case is no exception.

---

[4] When a plaintiff proceeds pro se, the Court generally liberally construes her pleadings and holds the pro se plaintiff to a less stringent standard than that of those represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the Court makes allowance for a pro se litigant's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id.* The Court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

To sidestep this time limitation, Neri contends that equitable tolling applies. Doc. 243 at 7-8, 10. This is not so. As an initial matter, the Court notes that Rule 6 of the Federal Rules of Civil Procedure explicitly prohibits this Court from expanding Rule 60(c)(1)'s one-year bounds. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule . . . 60(b)."). Tenth Circuit precedent is no different; the appeals court has strictly interpreted Rule 60's time limit. *See, e.g.*, *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) (upholding the district court's denial of a Rule 60(b)(1) motion and remarking that the one-year limitation period for filing a motion under Rule 60(b) "is absolute"); *In re Rumsey Land Co., LLC*, 944 F.3d 1259, 1277 (10th Cir. 2019) (stating that Rule 60(b)'s time limit is "absolute" and "not subject to tolling"). Other circuit courts have done the same and held that Rule 60 does not allow for equitable tolling.[5] *See, e.g.*, *United States v. Williams*, 56 F.4th 366, 368 (4th Cir. 2023) ("Rule 60(b)(3)'s one-year time limit cannot be equitably tolled."); *In re Cook Med., Inc.*, 27 F.4th 539, 543 (7th Cir. 2022) (refusing to allow an extension of Rule 60(b)'s one-year time limit for equitable reasons "[n]o matter the potential merits of the plaintiffs' excusable neglect arguments" because it was a mandatory claim-processing rule); *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment."); *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (stating Rule

---

[5] Relatedly, the United States Supreme Court recently examined which claim-processing rules are mandatory and preclude an equitable approach. In *Nutraceutical Corporation v. Lambert*, the Supreme Court held that Federal Rule of Civil Procedure 23(f)'s 14-day appeal deadline was mandatory and not subject to equitable tolling. 586 U.S. 188, 192-93 (2019). The *Nutraceutical* Court reasoned, "Where the pertinent rule or rules invoked show a clear intent to preclude tolling, courts are without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving." *Id.* The Court finds this reasoning persuasive as it applies to this case.

60(b)'s time limit is "absolute"); *cf. United States v. Beggerly*, 524 U.S. 38, 46 (1998) (describing Rule 60(b) as having "the strict 1-year time limit").

Relying on this aforementioned precedent, the Court concludes Neri's Amended Motion is untimely under Rule 60(b)(3) and equitable tolling is inapplicable. Therefore, the Court cannot consider the substance of Neri's fraud arguments under Rule 60(b)(3). Consequently, Neri's request to vacate the settlement agreement on this basis will be denied.

## II.    Neri has not demonstrated that Defendants committed fraud on the court.

Neri suggests Rule 60(d)(3) circumvents the time bar of Rule 60(b)(3). This requires she prove fraud on the court, which is fraud that was "directed to the judicial machinery itself." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (citation modified). This requires that "the impartial functions of the court have been directly corrupted." *Id.* Importantly, it "is not fraud between the parties or fraudulent documents, [or] false statements[.]" *Id.*

The Tenth Circuit has cabined fraud on the court to "only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated[.]" *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (citation modified). Importantly, "[i]ntent to defraud is an 'absolute prerequisite' to a finding of fraud on the court." *Zurich*, 426 F.3d at 1291 (quoting *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995)). In comparison, "[l]ess egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it," "[a]llegations of discovery abuses" or "nondisclosure in pretrial discovery" do not ordinarily rise to the requisite level. *Weese*, 98 F.3d at 553; *Zurich*, 426 F.3d at 1292; *Buck*, 281 F.3d at 1342 (citation modified). The Court must "strictly" apply these parameters "because a finding of fraud on the court permits the severe consequence of allowing a party to overturn the finality of a judgment." *Zurich*, 426 F.3d at 1291.

7

Undoubtedly, a lawyer's false representation or characterization of evidence would be of utmost concern to the Court. But, based on the record, that is not the present situation.[6] None of Neri's allegations meet the mark of "egregious conduct." Her arguments about Defendants' failure to disclose portions of Poteet's testimony, Doc. 243 at 7 ¶ 20, are far afield from the quintessential examples of the bribery of a judge, bribery of a jury, or the fabrication of evidence.[7] She also has not shown the "absolute prerequisite" of intent to defraud. *Zurich N. Am.*, 426 F.2d at 1291. Simply, Neri has not proven that Defendants or prior defense counsel perpetuated fraud on the court by clear and convincing evidence. Accordingly, the Court will deny her Amended Motion on this basis.

## CONCLUSION

After carefully considering the parties' briefs and supplemental filings, the Court concludes that neither an oral argument nor an evidentiary hearing is necessary to decide the issues presented. Moreover, for all the reasons explained above, the Court is without authority to make an exception

---

[6] To the extent Neri states she was "coerced . . . into a settlement under false pretenses," Doc. 243 at 2, "was induced to settle the case for a nominal amount," *id.* at 5 ¶ 8, "did not settle voluntarily," Doc. 253 at 9 ¶ C, or "the settlement was not voluntary; it was procured by fraud," Doc. 247 at 8 ¶ 4, is another matter entirely. Neri does not argue that the settlement agreement should be vacated based on her lack of knowledge or voluntariness, she only argues it should be set aside due to fraud on the Court. So, the Court will not create (and then resolve) arguments for her.

[7] In some ways, her request is both a rehashing of previous arguments and a motion seeking reconsideration of prior rulings. *Compare* Doc. 210 at 11 (Neri objecting to the second PFRD and arguing disclosure of the transcript would remedy the issues on appeal and create the "medical evidence necessary to link" her PTSD diagnosis and her symptoms), *and* Doc. 209 at 26 n.14 (Judge Yarbrough explicitly stating the sought-after deposition testimony would not support Neri's assertions), *and* Doc. 212 at 5 (overruling Neri's objections and noting that "[Neri] now argues that unintroduced portions of Ms. Poteet's deposition will provide that necessary link"), *with* Doc. 243 at 2 (arguing the transcript of Poteet's deposition "contains the exact information the Tenth Circuit . . . stated [she] needed to survive Summary Judgment"), *and* Doc. 247 at 8-9 (quoting Poteet's deposition to show "the link between [Neri]'s PTSD and . . . one major life activity"), *and* Doc. 253 at 4 ("The omitted portions of Ms. Poteet's deposition contained precisely the 'linking,' testimony the Tenth Circuit mandated."). Such arguments are ill-suited for a Rule 60(d)(3) motion.

to the one-year time limitation in Rule 60(b)(3). Further, Neri has not shown by clear and convincing evidence that either former opposing counsel or Defendants perpetuated fraud on the court.

Therefore, it is hereby ordered that Neri's Amended Motion to set Aside Settlement Agreement and Vacate Order of Dismissal for Fraud on the Court, Doc. 243, is **DENIED**.

It is further ordered that Doc. 253, Neri's request for an evidentiary hearing and oral argument on her Amended Motion is **DENIED.**


_____
SENIOR UNITED STATES DISTRICT JUDGE