IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIELLE L. NERI,

      Plaintiff,

v.                                        Case No. 1:19-cv-00008-JCH-SCY

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS,
and CYNTHIA HOPPMAN,

      Defendants.

## ORDER DENYING POST-JUDGMENT MOTION FOR RECONSIDERATION

Under Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff Danielle L. Neri moves for reconsideration of the Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Set Aside Settlement Agreement and Vacate Order of Dismissal for Fraud on the Court, Doc. 261 ("Memorandum Opinion"). Doc. 262 ("Motion"). Hours later, she filed a Notice of Appeal to the Tenth Circuit. Doc. 264.

Ordinarily, a notice of appeal divests a district court of jurisdiction to reconsider prior rulings. *See* Fed. R. App. P. 4(a)(4) (addressing the effect of a motion on a notice of appeal); *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006) (recognizing the general rule that a notice of appeal strips the district court of jurisdiction over substantive claims). Certain exceptions apply, including when the case is transmitted to the Tenth Circuit with a pending post-judgment motion. Then, the Tenth Circuit will ordinarily abate the appeal. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i). Here, the Tenth Circuit did just that.

Accordingly, Neri's request for reconsideration falls neatly within this rubric. Not even a day after Neri filed her Notice of Appeal, the Tenth Circuit abated her appeal because this Court

1

had not yet ruled on the Motion. Order, *Neri v. Bd. of Educ. for the Albuquerque Pub. Schs.*, No. 26-2075, ECF No. 5 at 1 (10th Cir. May 7, 2026). The Court does so here. But first, the Court offers Neri a word of warning.

## I.    Neri's Citation to Nonexistent Case Law

As often mentioned, pro se parties are afforded broader latitude and held to a less stringent standard of pleading than that for lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Even so, the Tenth Circuit requires all litigants, including those unrepresented by counsel, to comply with the Federal Rules of Civil Procedure. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("[The Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (text only)). For example, Rule 11 of the Federal Rules of Civil Procedure establishes the standard that litigants must follow when filing documents in federal court. When a pro se party files a written motion with the Court, they are certifying "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted *by existing law*[.]" Fed. R. Civ. P. 11(b)(2) (Representations to the Court) (emphasis added).

To support her arguments for reconsideration, Neri cites a nonexistent Tenth Circuit case. Doc. 262 at 1 (citing "United States v. Stone, 988 F.2d 1056, 1061 (10th Cir. 1993)."). The Court assumes Neri either erroneously combined a case name and legal citation or carelessly relied on an artificial intelligence program to craft this citation.[1] If this reference was indeed the product of artificial intelligence, then the Court issues a warning to Neri: courts "make some allowances for

---

[1] Upon review, the legal citation corresponds to *Hall v. Western Production Co.*, 988 F.2d 1050 (10th Cir. 1993).

the pro se plaintiff's failure to cite proper legal authority," but courts ordinarily do not coddle a plaintiff who cites to fake, nonexistent, or misleading authorities. *Fomby v. Jones*, 486 F. App'x 747, 748 (10th Cir. 2012) (citation modified); *see, e.g.*, *Dehghani v. Castro*, No. 2:25-cv-0052, 2025 WL 988009, at *5 (D.N.M. Apr. 2, 2025) (collecting cases), *aff'd*, 782 F. Supp. 3d 1051 (D.N.M. 2025); *Lipe v. Albuquerque Pub. Schs.*, Civ. No. 23-899, 2025 WL 2695244, at *3-4 (D.N.M. Sept. 22, 2025) (fining counsel $3,000 for, inter alia, failure to adequately review filings for accuracy and citing to nonexistent cases).

With this in mind, the Court strongly cautions Neri against using artificial intelligence to draft her pleadings—if she did indeed use it to craft her legal arguments or has done so already.[2] "Quite obviously, many harms flow from [the use of fabricated citations]—including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system. . . ." *Morgan v. Cmty. Against Violence*, No. 23-cv-353, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023). If similar conduct occurs, further consequences might be imposed.

## II.    Neri's Motion for Reconsideration

Now, moving to the substance of Neri's Motion, grounds warranting reconsideration under Rule 59(e) include:

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation omitted). Yet, a motion to reconsider is "not appropriate to revisit issues already addressed or advance

---

[2] Neri's Reply in Support of Motion for Evidentiary Hearing on Motion to Set Aside Settlement Agreement and Vacate Order of Dismissal for Fraud on the Court, Doc. 255, bears the marks of artificial intelligence, including multiple legal citations that were formatted as hyperlinks to sources from Centient AI. *Id.* at 2-4, 10, 12.

arguments that could have been raised in prior briefing," *id.*, or to "present evidence that could have been raised prior to the entry of judgment." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Here, the Court has carefully reviewed Neri's post-judgment Motion in light of the foregoing standards and discerns in them no grounds that would warrant reconsideration. For example, Neri misstates which portions of Rule 60 the Court concluded barred her claim, arguing, "The Court's analysis improperly treats Rule 60*(d)*(3) as time-barred when it is not." Doc. 262 at 2 (emphasis added). Rather, the Court concluded Rule 60*(b)*(3) was subject to a strict one-year time limitation; her Rule 60*(d)*(3) claim for fraud on the court was factually unsubstantiated. *Compare* Doc. 261 at 5 ("Because Neri's Amended Motion was filed over two years after this case was dismissed, her request is untimely under Rule 60(b)(3)), *with id.* at 8 ("Simply, Neri has not proven that Defendants or prior defense counsel perpetuated fraud on the court [under Rule 60(d)(3)] by clear and convincing evidence.").

Further, Neri continues to heavily rely on former opposing counsel's alleged lies, but she lamented these supposed misrepresentations in multiple prior filings. *See* Doc. 262 at 2-3; Doc. 261 at 8 n.7 (comparing prior arguments in filings and rulings from before and after final judgment was issued). Such arguments are not proper grounds for reconsideration. *See Servants of the Paraclete*, 204 F.3d at 1012.

Lastly, the Court is not otherwise persuaded that reconsideration is necessary to correct the clear error or prevent the manifest injustice Neri insists lurk. *See, e.g.*, Doc. 262 at 3 (claiming "The Error of Circular Reliance" and "Justice Requires the Piercing of the 'Brotherhood'"). On the contrary, the Court finds that Neri has failed to demonstrate any clear error or manifest injustice in its Memorandum Opinion.

For all of these reasons, it is hereby ordered that Neri's Motion for Reconsideration, Doc. 262, is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE